ERVIN E. WESTPHAL v. ORTWIN G. SCHMALZ.

169 N. W. (2d) 401.

July 11, 1969—No. 41593.

*Johnson, Schmidt, Thompson & Schneider, John C. Lindstrom,* and *Robert V. Wurm,* for appellant.

*Willette, Zeug & Kraft* and *James E. Zeug,* for respondent.

*Putnam, Spencer & Johnson,* amicus curiae.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

This is an appeal from a judgment against defendant for permanent injunction and damages because, without statutory authorization, he installed and connected tile from his land to a judicial ditch system serving plaintiff's land. The facts essential to an understanding and determination of the issue are uncomplicated and, except for the ultimate fact determining the necessity for such statutory authorization, undisputed.

Plaintiff and defendant each own 80 acres of land in Renville County. Judicial Ditch No. 15 was established and constructed almost 50 years ago, pursuant to district court order, for a watershed area that included all of plaintiff's 80 acres but only the westerly 25 acres or so of defendant's west 40 acres. The watershed line follows a distinct ridge across these lands. Plaintiff's land and defendant's land, which are adjacent north and south, were connected to the main ditch by a north-south extension running immediately to the west of their land with outlets onto their land.

This litigation arose because defendant cut across the watershed line, installed 8-inch tile to drain a low area of his land outside the watershed area and, cutting across the watershed ridgeline, connected it to the 6-inch existing outlet in the westerly part of his land.[1] Due to the increased pressure and volume of

---

[1] It is undisputed that this installation was intended to drain at least the remaining 15 acres of defendant's west 40 acres, east of the watershed line, and the legal issue is posed in that context. On the basis of its size and location, however, it would seem inevitable that it drained

water in the extension serving plaintiff's land, a portion of plaintiff's land was flooded after a heavy rainfall in the summer of 1967, causing flood damage to his crops.

Two sections of the drainage act are most directly involved in this dispute. Minn. St. 106.531, upon which plaintiff relies, provides in part:

"After the construction of any county or judicial ditch, no public or private ditch or ditch system, either open or tiled, for the drainage of land not assessed for benefits for such ditch, shall be constructed so as to use the ditch as an outlet without having first secured express authority so to do from the county board, in the case of a system lying wholly within one county, or from the district court of the county in which a system lying wholly within one county was established, in the case where the lands for which an outlet is sought lie within another county, or from the district court that originally ordered the construction, in the case of a system extending into two or more counties."

Section 106.151, upon which defendant relies, grants an implicit right to a landowner who has been assessed for the benefits of a judicial ditch system to make use of the system for continuing drainage of land for which he was assessed. It provides in part:

"The viewers shall find and report the benefits accruing to all lands and properties affected and benefited, whether the same accrue immediately from the construction of the system, or as the same affords an outlet for drainage, makes an outlet more accessible, or otherwise directly benefits such lands or properties."

Section 106.531 conditions authorization for connection to the ditch system upon payment of a charge for an outlet to the ditch system and for the assessment of benefits to the land newly to be drained, just as it would have been done in the original pro-

---

even a part of defendant's east 40 acres, which, if true, would render the judgment wholly unassailable.

ceedings had such drainage been contemplated at the outset. Section 106.151, conversely, provides for such determination in the original proceedings in the contemplation that the landowner will be benefited either at present or in the future.

The key to the application of the two statutes is simply a factual determination of whether benefits to the land now drained were or were not assessed in the original proceedings. The original proceedings are in rem and, although defendant apparently questions the accuracy of the determinations originally made, they are res judicata. It is clear that the original plans and specifications of the engineer, which determined the geographical scope of the watershed, were confirmed and made part of the order establishing the ditch system. The ditch system was designed only for the lands lying within that watershed. Only the land lying within that watershed was assessable for benefits. The fact that § 106.341 imposes a lien upon defendant's entire west 40 acres does not establish that he was assessed for benefits to the entire 40 acres. The lien for the larger tract is obviously and not unreasonably a practical method by which the mechanics of the statutory assessment scheme can be efficiently administered. It is security for the payment of the assessment on the benefited watershed acreage and is not a determination that the whole of the acreage subject to lien has been assessed for benefits.

The trial court correctly held, therefore, that defendant had no right to burden the land within the established judicial ditch system with water from land outside the established watershed without authorization pursuant to § 106.531.

Affirmed.